UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARRIN ROBINSON**                                          **CIVIL ACTION**

**VERSUS**                                                   **NO. 12-629-BAJ-RLB**

**CAPTAIN PERCY BABIN, et al**

### ORDER

Before the Court is Plaintiff's Motion to Take Deposition of Witness Outside of Discovery Deadline ("Motion"), filed on July 19, 2013. (R. Doc. 50). Defendants timely filed an Opposition ("Opposition") on July 22, 2013. (R. Doc. 52). This is the third time the Court has had to intervene in a discovery dispute between the parties. After reviewing the case's procedural history, the parties' arguments and the relevant law, the Court **DENIES** Plaintiff's Motion.

**I.    BACKGROUND**

This is a suit for violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, made actionable by 42 U.S.C. § 1983. Plaintiff, an inmate in the State of Louisiana's custody, alleges that Defendants strip searched and planted evidence on him as a pretext to beat him until he lost consciousness. (R. Doc. 1 at 3-5, 9). As part of their defense, Defendants claim the strip search "was initiated . . . based on a tip received from a confidential informant" that Plaintiff was carrying marijuana. (R. Doc. 24-1 at 2; Babin Dep., R. Doc. 27-1 at 8).

Based on the parties' proposed deadlines, the Court issued the current Scheduling Order on February 1, 2013. (R. Doc. 21). The Scheduling Order required that all fact discovery and discovery-related motions be filed by July 1, 2013. (R. Doc. 21).

During discovery, the identity of the informant was disclosed by a Defendant during his deposition. (Babin Dep., R. Doc. 27-1 at 9). Shortly after, on April 25, 2013, Defendants moved the Court to issue a Protective Order to keep Plaintiff from deposing or seeking information related to the informant. (R. Doc. 24). The matter was extensively briefed (R. Docs. 24, 27, 30, 31) and oral argument was presented by both parties (R. Doc. 36). The Court partially denied Defendants' Motion for Protective Order, allowing Plaintiff to depose the informant, but limited the permissible scope of the informant's testimony to certain topics. (R. Doc. 45 at 10-11).

The Court issued the Protective Order on June 12, 2013, making reference to the upcoming July 1, 2013 discovery deadline. (R. Doc. 45 at 9) ("the deadline for fact discovery is July 1, 2013 — less than three weeks away"). That deadline passed with no further filings from the parties. Nonetheless, on July 19, 2013, Plaintiff filed the instant Motion "request[ing] to take the deposition of [the confidential informant] beyond the formal discovery deadline." (R. Doc. 50 at 1).

## II.   ARGUMENTS OF THE PARTIES

Plaintiff urges the Court to extend the July 1, 2013 discovery deadline because the informant's deposition "is necessary for the proper and fair prosecution of Plaintiff's case." (R. Doc. 50-1 at 2). Plaintiff argues that he "had every intention at all times of taking the deposition" but was unable to because of his counsel's busy schedule. (R. Doc. 50-1 at 1). Plaintiff explains that, "prior to any ruling by the Court" on Defendants' Motion for Protective Order, "Counsel for Defendants agreed via telephone conversation with counsel for Plaintiff . . .

to coordinate and permit the deposition of informant on a date beyond the formal discovery deadline." (R. Doc. 50-1 at 1). Beyond the informant's deposition, Plaintiff suggests that Defendants' counsel agreed on both June 7th and 13th "to an informal extension of the July 1, 2013 discovery deadline to conduct the depositions of non-party witnesses." (R. Doc. 50-1 at 1, 2). Despite their alleged agreement, Plaintiff represents that "[o]n or about July 16, 2013, Counsel for Defendants called plaintiff's counsel . . . and advised that Defendants' consent to an informal extension of the discovery deadline for the deposition of witnesses was solely for witnesses not including the once-confidential informant." (R. Doc. 50-1 at 2).

Defendants deny making any agreement — "either written or verbally" — to set the informant's deposition outside of the discovery deadline. (R. Doc. 52 at 2). According to Defendants, "[a]t <u>no time</u> prior to the discovery cutoff . . . did plaintiff's counsel request or initiate discussions . . . relative to setting the deposition of the confidential informant in this case." (R. Doc. 52 at 2). Defendants suggest Plaintiff's Motion should be denied because he allowed the discovery deadline to lapse without (1) at least attempting to set the deposition of the informant or (2) timely moving to extend the discovery deadline.

### III.   APPLICABLE LAW

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. S. Trust Bank of Ala.*, *NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citation omitted). "In other words, the party who seeks to modify a scheduling order deadline must show that, despite acting diligently, it will still be unable to meet that deadline." *Hernandez*

3

*v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 492 (S.D. Tex. 2009).  For obvious reasons, the standard focuses on the diligence of the party seeking the modification to the scheduling order.

The Fifth Circuit has "equated good cause with" the standard for "excusable neglect" under Federal Rule of Civil Procedure 6(b) and "noted that inadvertence or mistake of counsel . . . . usually does not suffice, and that some showing of good faith and a reasonable basis for noncompliance within the time specified is necessary . . . ." *McDonald v. U.S.*, 898 F.2d 466, 467 (5th Cir. 1990) (citations omitted).  Put another way: Can the movant demonstrate that, despite their diligence, they could not have reasonably met the scheduling deadline?

For guidance, the Fifth Circuit has articulated four factors to aid in determining whether "good cause" exists: (1) the explanation for the failure to comply, (2) the importance of the matters that are the subject of the order, (3) the potential prejudice in allowing the requested action and (4) the availability of a continuance to cure any prejudice. *S&W Enters., L.L.C.*, 315 F.3d at 536.

## IV. DISCUSSION

Based on the representations made by the parties, the Court finds that Plaintiff has not shown "good cause" to warrant a modification of the Court's Scheduling Order.  Plaintiff explains that his failure to comply with the discovery deadline was due to his legal counsel's "multiple trials, including a jury trial in Baton Rouge . . . ." (R. Doc. 50-1 at 1).  The Court recognizes that every litigant must balance a busy work schedule.  Indeed, the Court allowed the parties to propose their own scheduling deadlines, which the Court adopted. *See McLarty v. STD, Inc.*, No. 06-77, 2007 WL 2579970, at *3 (N.D. Miss. Sept. 4, 2007) ("While the balance of life and work keeps everyone busy, . . . the defendant's explanation" — counsel's busy schedule — "does not rise to the level of good cause.").  Second, a busy schedule and trials in other cases do

4

not support a finding that Plaintiff has been diligent in obtaining the discovery at issue in this case. Notwithstanding counsel's preoccupation with other litigation, counsel has made no showing why the sought after deposition was not set within the discovery deadline or why an extension was only requested weeks after the deadline had expired. *See, e.g., Draper v. KK Ford, LP*, 196 Fed. Appx. 264, 265 (5th Cir. 2006) ("A busy practice does not constitute excusable neglect."); *Hernandez*, 617 F. Supp. 2d at 495 ("while Plaintiffs' counsel claims his burdensome schedule . . . prevented him from meeting the discovery deadline, such an excuse does not constitute good cause"); *Nicholas W. v. Nw. Indep. Sch. Dist.*, No. 07-14, 2009 WL 2744150, at *5 (E.D. Tex. Aug. 25, 2009) (rejecting argument that plaintiff's "attorneys' busy schedules prohibited them from timely filing their amended pleading" under Rule 6(b)).

Equally as insufficient to show diligence is Plaintiff's alleged agreement with Defendants to depose the informant beyond the discovery deadline. Defendants deny any agreement ever existed and their contention, in fact, is supported by Plaintiff's own exhibits. The record indicates the parties engaged in discovery-related correspondence on June 7th and 13th — both before and after the Court's June 12, 2013 Ruling and before the July 1, 2013 discovery deadline.[1] (R. Docs. 50-3 and 50-4). In that correspondence, the parties mutually agreed to depose the non-party witnesses at issue in Plaintiff's Motion to Compel outside of the July 1, 2013 discovery deadline. (E-mail from Defendants' counsel to Plaintiff's counsel (June 7, 2013, 16:13 CST), R. Doc. 50-3). The depositions ultimately took place on July 12, 2013. (E-mail from Defendants' counsel to Plaintiff's counsel (June 13, 2013, 9:53 CST), R. Doc. 50-4).

Notably, the confidential informant was not included among the non-party witnesses in Plaintiff's Motion to Compel nor was the informant mentioned in either email. It is also clear

---

[1] Plaintiff submits that the demands of other cases precluded the timely and diligent discovery at issue yet it is apparent that the attorneys for the Plaintiff were able to correspond with Defendants' counsel, schedule and conduct depositions during this time period.

5

from the emails that the non-party depositions related to a very specific list of individuals and cannot be construed to cover any additional, unidentified witnesses. Therefore, despite corresponding with Defendants about depositions only one day after the Court's June 12, 2013 Ruling, Plaintiff still failed to make any effort to set the deposition of the informant. Even if the parties had come to some agreement, it would not have been enforceable by the Court. *See Hernandez*, 617 F. Supp. 2d at 493 ("Neither the parties nor their counsel have the authority to stipulate or otherwise agree to changes in the Court's orders regarding discovery or any other scheduling matter unless expressly authorized to do so by Rule or by Court order.") (citations omitted).

Moreover, Plaintiff alleges the informant's deposition is "necessary for the proper and fair prosecution of Plaintiff's case." (R. Doc. 50-1 at 2). The Court has already addressed how this individual fits within the facts of this case (R. Doc. 45). While the informant is a third party that did not actually witness the events that are the subject of the complaint, the informant's testimony is relevant if Defendants intend to rely on the informant's statements as the basis for taking Plaintiff out of sight of other individuals. Plaintiff's suggestion that the deposition is needed for a proper and fair prosecution of his case, however, is undermined by his failure to take action within the timeframes provided. *See, e.g.*, *Hernandez*, 617 F. Supp. 2d at 497 (defendant's position that discovery is necessary or important was undermined by his lack of diligence in failing to schedule the depositions or bring the issue before the court in a timely manner); *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) ("The claimed importance of expert testimony underscores the need for Geiserman to have timely designated his expert witness so that Attorney could prepare for trial."). Any prejudice caused by the Court's refusal to extend the discovery deadline, is a product of Plaintiff's own making. *Rosario v. Livaditis*,

963 F.2d 1013, 1019 (7th Cir. 1992) ("A party who fails to pursue discovery in the face of a court ordered cut-off cannot plead prejudice from his own inaction.").

The Court has also considered the third and fourth factors. Under the third factor, the potential prejudice to the parties if the deposition is allowed to move forward is difficult to ascertain. Any extension of deadlines necessarily affects the other deadlines in place. By allowing fact discovery to proceed beyond the original deadline, less time is available to conduct expert discovery, prepare dispositive motions and ultimately prepare the case for trial. Most of this, however, is speculative and would apply in every case. In addition, while a continuance could cure such prejudice, the integrity of the Court's Scheduling Order and the importance of deterring dilatory behavior weigh against such action. The Court finds that these factors do not outweigh the lack of diligence in meeting the existing, agreed upon and Court ordered deadlines.

Thus, after a review of the facts of this case and the applicable law, the Court finds that there is not good cause to modify the Scheduling Order as requested.

## V. CONCLUSION

For the reasons given above, Plaintiff's Motion to Take Deposition of Witness Outside of Discovery Deadline (R. Doc. 50) is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 14, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**