UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARRIN ROBINSON

VERSUS

CAPTAIN PERCY BABIN,
MASTER SERGEANT TYRONE KILBOURNE,
MAJOR DOUGLAS STROUGHTER,
COLONEL JOHN SMITH, AND
WARDEN STEVE RADAR

CIVIL ACTION

NO. 12-629-BAJ-RLB

**RULING AND ORDER**

This matter is before the Court pursuant to three Motions to Dismiss. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 alleging that Defendants, under the color of state and local law, violated Plaintiff's Fourth, Eighth and/or Fourteenth Amendment right to be free from the use of corporal punishment, unnecessary and/or excessive force while being seized and/or detained (Doc. 1 ¶ 60).[1]

The Motions to Dismiss before the Court include: (1) a Motion to Dismiss filed on behalf of Defendants Percy Babin, John Smith, and Steve Radar ("Defendants Babin, Smith, and Radar") (Doc. 11)[2]; (2) a Motion to Dismiss filed

---

[1] Plaintiff also seeks relief in the form of attorney's fees and cost pursuant to 42 U.S.C. § 1988 and punitive damages pursuant to 28 U.S.C. § 1983 (Doc. 1 ¶ 66).
[2] Defendants seek to dismiss Plaintiff's claims on the following grounds: (1) to the extent Plaintiff seeks monetary damages against Defendants in their official capacity, such claims are barred by the Eleventh Amendment; (2) to the extent Defendant Warden Steve Radar is being sued in his individual capacity he is entitled to qualified immunity; (3) Plaintiff's claims against Defendants for prison policy violations are not actionable under § 1983; (4) there is no available remedy or cause of action against Defendant Steve

on behalf of Defendant Douglas Stroughter ("Defendant Stroughter") (Doc. 16)[3]; and (3) a Motion to Dismiss filed on behalf of Defendant Tyrone Kilbourne ("Defendant Kilbourne") (Doc. 20).[4]

Plaintiff Darrin Robinson ("Plaintiff") has filed oppositions to two of the three motions to dismiss (Docs. 13, 18, 22). Because each motion involves subject matter that comprises a material part of the subject matter of the other, each motion is handled jointly. This suit is brought under the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331. For the following reasons, Defendants' motions are granted in part and denied in part.

## BACKGROUND

### I. Facts

The facts in this matter are as follows:

- Plaintiff Darrin Robinson is an inmate at the Dixon Correctional Institute (Doc. 1 ¶ 3).

- Defendants Captain Percy Babin, Master Sergeant Tyrone Kilbourne, Colonel John Smith, Major Douglas Stroughter, and Warden Steven Radar are each employed by the Dixon Correctional Institute (Id.).

---

Radar based on supervisory liability under 42 U.S.C. §1983; and (5) Plaintiff fails to state a cause of action under the Fourth Amendment.

[3] Defendant Stroughter seeks to dismiss Plaintiff's claims on essentially the same grounds as all other Defendants. Defendant Stroughter argues that: (1) to the extent Plaintiff seeks monetary damages against Defendant Stroughter in his official capacity, such claims are barred by the 11th Amendment; and (2) to the extent Defendant Stroughter is being sued in his individual capacity he is entitled to qualified immunity.

[4] Defendant Kilbourne also seeks to dismiss Plaintiff's claims on essentially the same grounds as all other Defendants. Defendant Kilbourne argues that: (1) to the extent Plaintiff seeks monetary damages against Defendant Kilbourne in his official capacity, such claims are barred by the 11th Amendment; and (2) to the extent Defendant Kilbourne is being sued in his individual capacity he is entitled to qualified immunity.

- Plaintiff avers that on December 9, 2011, Defendant Kilbourne removed him from the "Recreation room" and took him to a "Dorms bathroom (Doc. 11-1, at 2; Doc. 1 at ¶¶ 6-7)." He was subsequently directed to remove all of his clothing.

- Plaintiff asserts that while in the bathroom, Defendants Babin and Kilbourn began a "pretext shakedown" whereby contraband was ***planted*** on plaintiff's person (Doc. 11-1, at 2; Doc. 1 ¶¶ 8-10). Defendants aver that contraband was found on the person of Plaintiff.

- Plaintiff further argues that he was handcuffed and escorted from the bathroom to Defendant Stroughter's office. Plaintiff claims that upon arriving at Defendant Stroughter's office, Defendants Babin, Smith, Kilbourne, and Stroughter converged on him at once kicking and punching him and slamming him against the wall and the floor for about 30 minutes (Doc 11-1, at 3; Doc. 1 ¶ 13). Plaintiff asserts that Defendants shouted racial epithets at him and promised additional harm. Finally, Plaintiff alleges that Defendants placed a belt around his neck and tightened it until he lost consciousness (Doc. 1 ¶ 20).

- Plaintiff further avers that Defendant Warden Radar has refused to assist with a transfer and refused to take appropriate action against any Defendants in this matter. Additionally, Plaintiff asserts that Defendant Radar is aware of a history of repeated brutality and harassment of inmates and use of unnecessary and excessive force, but has done little to protect the constitutional rights of any inmates, including Plaintiff (Doc. 1 ¶¶ 29-41).

## ANALYSIS

### I.   MOTION TO DISMISS STANDARD

A prisoner's civil rights complaint should be dismissed if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *In re*

3

*Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010). (quoting, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Id. (quoting, *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d (2007).

"In deciding whether the complaint states a valid claim for relief, [courts] accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The Court, however, does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting, *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).

Defendants seek to dismiss Plaintiff's claims on the following grounds: (1) to the extent Plaintiff seeks monetary damages against Defendants in their official capacities, such claims are barred by the Eleventh Amendment; (2) to the extent Defendants are being sued in their individual capacity they are entitled to qualified immunity; (3) Plaintiff's claims against Defendants for prison policy violations are not actionable under § 1983; (4) there is no available remedy or cause of action against Defendant Steve Radar based on supervisory liability under 42 U.S.C. §1983; and (5) Plaintiff fails to state a cause of action under the Fourth Amendment (Docs 11, 16, 20).

## II.   ELEVENTH AMENDMENT IMMUNITY

First, Defendants assert, and the Court agrees, that any claims for monetary relief against Defendants in their official capacities constitute claims against the state, or persons acting as official representatives thereof. Therefore, they are barred by the Eleventh Amendment.

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal court by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 1355 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S. Ct. 2666, 49 L.Ed. 2d 614 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan*, supra.

Further, suits brought against a state official in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *New Orleans Towing Ass'n v. Foster*, 248 F.3d 1143 (5th Cir. 2001), (citing *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L.Ed.2d 301 (1991)) (internal quotations omitted) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985)).

Here, Plaintiff concedes that there is no language in the complaint which distinguishes whether he is suing any Defendant in an official capacity (Doc. 13,

5

at 6). Moreover, Plaintiff avers that he did not intend to sue any Defendant in his/her official capacity (*Id.*)

Thus, Plaintiff concedes that any monetary claims against Defendants in their official capacity in this case are barred by the Eleventh Amendment. Accordingly, to the extent that Defendants seek to dismiss Plaintiff's claims on these grounds, this portion of their motions are deemed moot.

Additionally, these findings under Eleventh Amendment immunity pertain to Plaintiff's second claim for attorney's fees and costs (Doc. 1 ¶ 66). Under 42 U.S.C. §§ 1983 and 1988, where a plaintiff fails to prevail, either because of legal immunity or merits of the claim, § 1988 does not authorize a fee award against that defendant. *Graham*, 473 U.S. at 170. Essentially, a suit against a government official in his/her personal capacity cannot lead to the imposition of fee liability on the governmental entity.

### III. CLAIMS ARISING UNDER 42 U.S.C. § 1983

Each Defendant in this matter asserts the defense of qualified immunity. In order for Plaintiff to prevail on his claims under 42 U.S.C. § 1983, and overcome qualified immunity, Plaintiff must establish that: (1) Defendants' conduct violated a constitutional right; and (2) that right was clearly established at the time of the misconduct. *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009).

#### a. Qualified Immunity

Under federal law, "the doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate

6

L.Ed.2d 565 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)). Further, as the Fifth Circuit has emphasized, qualified immunity is an immunity from suit and extends beyond just a defense to liability to include all aspects of civil litigation. *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

### i. Claim of Cruel and Unusual Punishment

The first threshold inquiry in a qualified immunity analysis is whether a plaintiff's allegations, if true, establish a constitutional violation. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).[5]

The Supreme Court has held that the "***unnecessary and wanton infliction of pain***...constitutes cruel and unusual punishment forbidden by the Eighth Amendment." (emphasis added) *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986) (internal quotations omitted). The Court has further held that "[a]mong 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

Within the prison conditions context, courts are required to ascertain whether the officials involved acted with "deliberate indifference" to the inmates' health or safety. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L.Ed.2d

---

[5] According to the Supreme Court, "although the *Saucier* rule prescribes the sequence in which the issues must be discussed by a court in its opinion, the rule does not—and obviously cannot—specify the sequence in which judges reach their conclusions in their own internal thought processes. Thus, there will be cases in which a court will rather quickly and easily decide that there was no violation of clearly established law before turning to the more difficult question whether the relevant facts make out a constitutional question at all." *Pearson*, 555 U.S. at 239.

156 (1992). A court may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious. *Farmer v. Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Here, Plaintiff's allegations, if true, sufficiently plead an Eighth Amendment violation. Defendants do not offer sufficient argument to justify their alleged, unabated punishment of Plaintiff. According to Plaintiff, upon arriving at Defendant Stroughter's office, Defendants Babin, Smith, Kilbourne, and Stroughter converged on him at once kicking and punching him and slamming him against the wall and the floor for aproximately 30 minutes (Doc 11-1, at 3; Doc. 1 ¶ 13). Plaintiff also asserts that Defendants shouted racial epithets at him and promised additional harm.

Finally, Plaintiff alleges that Defendants placed a belt around his neck and tightened it until he lost consciousness (Doc. 1 ¶ 20). Further, Plaintiff avers that these events allegedly occurred while Plaintiff was ***in handcuffs***.

Although Defendants assert that contraband was allegedly found on Plaintiff, this does not justify the unnecessary pain allegedly caused to Plaintiff. Nothing in the record suggests that there were safety concerns by the time Plaintiff was handcuffed and subdued on the ground by the corrections officers. Despite the clear lack of emergency or chance of harm to the officers, Defendants allegedly, knowingly subjected Plaintiff to a substantial risk of physical harm and unnecessary pain.

Further, the alleged racial epithets and use of a belt to strangle Plaintiff would ensure utter humiliation and the risk of particular discomfort or death. The Supreme Court has held that the "basic concept underlying the Eighth Amendment, is nothing less than the dignity of man." *Trop v. Dulles*, 356 U.S. 86, 100, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). Plaintiff has sufficiently pled that the alleged punitive treatment in this case amounts to the gratuitous infliction of "wanton and unnecessary" pain that Supreme Court precedent clearly prohibits.

The second threshold question is whether Plaintiff has claimed a violation of a clearly established constitutional right which was in existence at the time of his incarceration. In this case, Plaintiff has alleged violations which, if true, violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

The Court finds that it was clearly established at the time of the incident that although the constitution "does not mandate comfortable prisons," *Rhodes*, 452 U.S. at 349, conditions of confinement "***must not involve the wanton and unnecessary infliction of pain***." (emphasis added) *Id.* at 347. Further, "the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley*, 475 U.S. at 319.

The Court's conclusion that "a reasonable person would have known," *Harlow*, 457 U.S. at 818, of the violation asserted in this case is buttressed by the fact that Plaintiff was ***in handcuffs*** while Defendants allegedly beat him for approximately 30 minutes. Arguably, such a violation is so obvious that

9

considerable Eighth Amendment case precedent gave respondents fair warning that the alleged conduct violated the Constitution. Moreover, the Fifth Circuit has observed that "certain prison conditions [are] so 'base, inhuman and barbaric' that they violate the Eighth Amendment." *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (citing *Novak v. Beto*, 453 F.2d 661, 665 (5th Cir.1971)).

Thus, the obviousness of the alleged conduct, in addition to the "fair and clear warning," *United States v. Lanier*, 520 U.S. 259, 271, 117 S. Ct. 1219, 1227, 137 L. Ed. 2d 432 (1997), that the Fifth Circuit jurisprudence provides, sufficiently shows that Defendants are precluded from raising the defense of qualified immunity at this stage of the proceedings. Accordingly, Defendants' Motions to Dismiss are denied on these grounds.

### b. Plaintiff's Fourth Amendment Claim

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 alleging various constitutional violations. Plaintiff argues in part that, under the color of State and local law, Defendants violated Plaintiff's Fourth, Eighth and/or Fourteenth Amendment right to be free from the use of corporal punishment, unnecessary and/or excessive force while being seized and/or detained by Defendants (Doc. 1 ¶ 60). Although Defendants assert that Plaintiff's Fourth Amendment claim must be summarily dismissed, the Court disagrees.

According to the Fifth Circuit, "a prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated. He thus loses those rights that are necessarily sacrificed to legitimate penological needs."

*Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999). However, the Fifth Circuit has recognized that the Fourth Amendment protects prisoners from searches and seizures that go beyond legitimate penological interests. *Id*.

Moreover, the Fifth Circuit has reiterated that "the Fourth and not the Eighth Amendment governs searches of prisoners," and recognized that a strip search by a prison guard can rise to the level of a Fourth Amendment violation. *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) (citing *Moore*, 168 F.3d at 237; *see also Elliott v. Lynn*, 38 F.3d 188, 191 n. 3 (5th Cir.1994).

Here, Plaintiff asserts that he was unreasonably searched and that contraband was planted on his person. He specifically alleged that Defendant Kilbourne removed him from the recreation room and took him to a bathroom (Doc. 1 at ¶¶ 6-7). According to Plaintiff, he was subsequently directed to remove all of his clothing. Plaintiff further avers that while in the bathroom, Defendants Babin and Kilbourn began a "pretext shakedown" whereby contraband was planted on Plaintiff's person (Doc. 11-1, at 2; Doc. 1 ¶¶ 8-10).

The strip search alleged by Plaintiff, if proven true, could entitle him to relief under the Fourth Amendment. *See Moore*, 168 F.3d at 235–37 (recognizing that a strip and cavity search of male prisoner, carried out in a non-emergency situation by a female guard, could give rise to a Fourth Amendment violation). Thus, Defendants' motions to dismiss Plaintiff's Fourth Amendment claim on the grounds that the facts do not give rise to such a claim, must be denied.

11

### c. Plaintiff's Prison Policy Violations Claims

Plaintiff also claims a violation of prison policy alleging that flex cuff restraints were used in violation of Department Regulation No. C-02-006. Defendants assert, and the Court agrees, that these allegations of prison regulation violations, even if accepted as true, are not actionable under § 1983.

Fifth Circuit case precedent demonstrates that a mere violation of state rules or regulations does not rise to a level sufficient to become actionable under 42 U.S.C. § 1983. *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989); *Woodard v. Andrus*, 419 f.3d 348 (5th Cir. 2005). Accordingly, because §1983 is a remedy for violations of federal statutory or constitutional rights, all claims alleged for prison policy violations against Defendants must be dismissed.

### d. Supervisory Liability Under 42 U.S.C. §1983

Plaintiff also asserts claims against Defendant Warden Steve Radar based on supervisory liability under § 1983. The Fifth Circuit has held that proof of an individual defendant's personal involvement in the alleged misconduct is a prerequisite to his liability on a claim for damages under § 1983. *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981) (A state actor may be liable under § 1983 only if he was "personally involved in the acts causing the deprivation of [plaintiff's] constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."); *Watson v. Interstate Fire 7 Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980) ("Liability may be found only if there is personal involvement of the officer being sued.").

Thus § 1983 does not provide for liability of a supervisory official under a theory of *respondeat superior* or vicarious liability simply because an employee or subordinate allegedly violated a plaintiff's constitutional rights. *Douthit*, 641 F.2d at 346; *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999).

Moreover, "a supervisory official may be held liable under section 1983 for the wrongful acts of a subordinate 'when [the supervisory official] breaches a duty imposed by state or local law, and this breach causes plaintiff's constitutional injury." *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998) (quoting *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)).

Here, the Court finds that Plaintiff has failed to allege any facts to support his claims against Defendant Warden Steve Radar under § 1983. Defendant Radar asserts, and the Court agrees, that Plaintiff makes no specific allegations of a factual nature that would lead this Court to find that Defendant directly or indirectly participated in the alleged incident. All actions which give rise to Plaintiff's complaint involve Defendants Babin, Smith, Kilbourne, and Stroughter.

Further, although Plaintiff discusses alleged incidents involving other inmates and circumstances where their rights may have been violated, none of those individuals are plaintiffs in this case. Moreover, Plaintiff fails to allege a constitutionally deficient policy in place at the facility which was fashioned by Defendant Radar.

Accordingly, because Plaintiff has failed to state a cognizable claim against Defendant Radar, all claims against him must be dismissed.[6]

## IV. THE COURT'S FINDINGS

Accordingly, the Court makes the following findings:

(1) To the extent that Defendants seek to dismiss Plaintiff's claims on the grounds of Eleventh Amendment immunity, this portion of their motions are deemed **MOOT** as Plaintiff has not sued any Defendant in his/her official capacity.

(2) To the extent that Defendants seek to dismiss Plaintiff's claims on qualified immunity grounds, their motions are **DENIED**. Due to the obviousness of the alleged conduct in addition to the fair and clear warning that the Fifth Circuit jurisprudence provides; Defendants are precluded from raising the defense of qualified immunity at this stage of the proceedings.

(3) To the extent that Defendants' motions seek to dismiss Plaintiff's Fourth Amendment claim, their motions are **DENIED**. The strip search alleged by Plaintiff, if proven true, could entitle him to relief under the Fourth Amendment.

(4) To the extent that Defendants' motions seek to dismiss Plaintiff's claims regarding prison policy violations, their motions are **GRANTED**. Because §1983 is a remedy for violations of federal statutory or constitutional rights,

---

[6] The Court is not persuaded by Plaintiff's assertions that Defendant Warden Radar was allegedly a party to a previous settlement in another case (Doc. 1 ¶¶ 40-43). This fact, even if proven true, does not demonstrate that Defendant Radar had any personal knowledge of the current, alleged constitutional violations in this case.

all claims alleged for prison policy violations against Defendants must be **DISMISSED**.

(5) To the extent that Defendant Warden Steven Radar seeks to dismiss Plaintiff's claims based on supervisory liability, his motion is **GRANTED**. Because Plaintiff has failed to state a cognizable claim against Defendant Radar, all claims against him must be **DISMISSED**.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are hereby **GRANTED in part** and **DENIED in part** (Docs 11, 16, 20). Further, all claims against Defendant Warden Steven Radar are dismissed.

Baton Rouge, Louisiana, August 23, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA