UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARRIN ROBINSON (#158443)                          CIVIL ACTION

VERSUS

CAPTAIN PERCY BABIN, ET AL.                        NO.: 12-00629-BAJ-RLB

RULING AND ORDER

Before the Court is Plaintiff Darren Robinson's **Motion for Reconsideration of Magistrate's Ruling (Doc. 54)**, seeking an order from this Court permitting Plaintiff to take the deposition of a confidential informant outside of the discovery deadline. (Doc. 53.) Plaintiff asserts that the Court should reconsider the Magistrate Judge's order pursuant to 28 U.S.C. § 636(b)(1)(A), as the order is clearly erroneous or contrary to law. (Doc. 54, at 1.) The motion is opposed (Doc. 55.) Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1331.

I.  Background

The Magistrate Judge issued the Scheduling Order in this matter on February 1, 2013, and required that all fact discovery and discovery-related motions be filed by July 1, 2013. (Doc. 21.) Additional deadlines were imposed in the Scheduling Order, consistent with the normal course of discovery. As the parties engaged in the discovery process, however, the identity of an informant was

revealed by one of the Defendants during his deposition. (Doc. 54-1, at 1.) After Plaintiff ascertained the nature of the informant's involvement in the incident, Plaintiff alleges that he sought to depose the informant. (*Id.* at 2.) The Defendants immediately filed a Motion for a Protective Order (Doc. 24), seeking to prevent Plaintiff from taking the deposition. The Court granted the motion in part and denied the motion in part on June 12, 2013, allowing Plaintiff to take the deposition, but "limited the permissible scope of the informant's testimony to certain topics." (Doc. 53, at 2.) The Court also referenced the impending fact discovery deadline of July 1, 2013 at the end of the order, indicating that the fact discovery deadline was less than three weeks away. (Doc. 45, at 9.)

On July 19, 2013, Plaintiff filed a Motion to Take Deposition of Witness Outside of Discovery Deadline (Doc. 50), asking the Court to grant Plaintiff additional time to take the deposition of the informant. Plaintiff asserted that a busy schedule of other litigation matters kept Plaintiff's counsel from meeting the deadline, but also that the parties had agreed to an informal extension to take the deposition. Plaintiff further asserted that the Defendant reneged on the extension agreement, asserting that the Defendants untruthfully claimed to only have agreed to extend the deadline for non-party witnesses depositions not including the informant. (Doc. 50-1, at 2.) In their opposition, the Defendants countered that "at no point in time did undersigned counsel have a conversation, either written or verbal, with [P]laintiff's counsel agreeing to allow the setting of the confidential

informant's deposition after the expiration of the July 1, 2013 discovery deadline." (Doc. 52, at 2.)

On August 14, 2013, the Magistrate denied Plaintiff's motion, reasoning that Plaintiff had not shown "good cause" why he should be granted an extension of time to take the deposition. Under prevailing law of the United States Court of Appeals for the Fifth Circuit, the Magistrate Judge determined that Plaintiff could not meet the four requisite factors used to determine if good cause existed to allow Plaintiff to take the deposition outside of the deadline. *See* Doc. 54. Specifically, the Magistrate Judge determined that Plaintiff did not exercise good faith diligence in trying to plan the deposition within the fact discovery deadline, and that a busy work schedule was not good cause. Also, the Magistrate Judge noted that any agreement between the parties affecting the discovery deadline would not have been enforced by the Court. (Doc. 54, at 6.) Finally, the Magistrate Judge found that, although Plaintiff suggested that the informant's deposition was necessary for a "proper and fair prosecution," such contention was "undermined by [Plaintiff's] failure to take action within the timeframes provided." (*Id.*) Plaintiff filed the instant motion for reconsideration of the Magistrate Judge's order.

II. **Standard of Review**

As an initial matter, the Court notes that Plaintiff has designated his motion as a motion for reconsideration. However, the Federal Rules of Civil Procedure do not contemplate such a motion in response to an order of a Magistrate Judge.

Rather, a party may properly *appeal* a ruling or order issued by the Magistrate Judge. Accordingly, Plaintiff's motion will be treated as an appeal of the Magistrate Judge's decision.

Moreover, Plaintiff and the Defendants have incorrectly cited to various federal rules as the standard of review. Plaintiff cites 28 U.S.C. § 636(b)(1)(A). (Doc. 54-1, at 3.) This is not the correct standard of review for this type of proceeding, as this motion is an appeal, not a report and recommendation. Likewise, the Defendants incorrectly cite Federal Rule of Civil Procedure Rule ("Rule") 59 as the standard by which the motion should be reconsidered (Doc. 55, at 1). That Rule is applicable to rulings issued following a trial on the merits of a case. In such case, then "the court may, on motion, grant a new trial on all or some of the issues[.]" Fed.R.Civ.P. 59(a)(1). However, such is not the case here, as there has been no trial on the merits. Thus, the Court finds Rule 59 to be inappropriate.

When, as here, a party's appeal concerns an order that did not dispose of all the claims or parties, the motion is governed by Federal Rule of Civil Procedure 54(b).

Rule 54(b) permits the Court to revise an interlocutory order "at any time before entry of judgment adjudicating all of the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b); *Livingston Downs v. Jefferson Downs*, 259 F.Supp.2d 471, 474-75 (M.D. La. 2002) (citing *Zapata Gulf Marine, Corp. v. Puerto*

*Rico Maritime Shipping Authority*, 925 F.2d 812, 815 (5th Cir. 1991)). As such, the Court will treat Plaintiff's appeal accordingly.

Even if the Court treats this as a motion for reconsideration, district courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Id.* at 475. However, motions based upon the same arguments previously submitted merely waste the limited time and resources of the Court. *Van Heerden v. Bd. of Sup'rs of La. State Univ. and Agricultural and Mechanical College*, No. 10-155-JJB, 2010 U.S. Dist. LEXIS 61062, at *4, 2010 WL 2545746, at *1 (M.D. La. June 21, 2010). Further, courts generally decline to consider arguments raised for the first time on reconsideration without adequate justification. *McClung v. Gautreaux*, No. 11-263, 2011 U.S. Dist. LEXIS 103114, at *3, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011).

## III. Discussion

In support of the motion, Plaintiff offers the same factual allegations already argued in the motion to the Magistrate Judge. Plaintiff generally contends that "[t]he Magistrate Judge's denial of [P]laintiff's Motion to Take Deposition is clearly erroneous or contrary to law in that it fails to take into account the general purpose of civil procedure regarding depositions and discovery in general." (Doc. 54-1, at 3.) Plaintiff again asserts that there was an agreement between counsel to take the deposition of the informant after the discovery deadline, which the Defendants eventually reneged on. Plaintiff also asserts that, because of the time frame of

events, "[c]ounsel for Plaintiff was in the midst of preparing for a week long jury trial and was unable to set the deposition in the short [ ] amount of time left before the expiration of the discovery cutoff." (Doc. 54-1, at 4.) In the interest of "fundamental fairness," Plaintiff asserts that the deposition should be allowed. (*Id.*)

In opposition, the Defendants argue that Plaintiff "has failed to allege a mistake of law or fact" which would require reconsideration of the Magistrate Judge's ruling. (Doc. 55, at 1.) Further, they assert that Plaintiff "has not brought to the [Court's] attention any 'newly discovered evidence' that otherwise would allow for reconsideration of this issue." (*Id.*)

The Court agrees with the factual and legal conclusions reached by the Magistrate Judge. Plaintiff has not presented any new evidence that would support a finding that the Magistrate Judge's ruling constitutes an injustice and thereby prejudices Plaintiff's case. Moreover, Plaintiff has not provided any supportable case law, nor has this Court found any, that would suggest Plaintiff's counsel should be given additional time to take the informant's deposition outside of the discovery deadline for the reasons Plaintiff has provided.

The Magistrate Judge correctly found, and this Court agrees, that counsel's busy schedule is simply not a sufficient basis to constitute good cause. Plaintiff's counsel had approximately three weeks to schedule the informant's deposition from the date the order was issued. Even with preparation for another litigation matter, Plaintiff's counsel had ample opportunity to make arrangements with counsel for

the Defendants. More importantly, Plaintiff did not file any other motions or requests with the Court within the three weeks before the fact discovery deadline seeking an extension. Plaintiff asked for an extension on July 19, 2013, *nineteen days* after the deadline. Scheduling Orders are set by the Court so that the Court can efficiently manage its own cases and therefore must be taken seriously by the parties. Thus, Plaintiff's failure to act within the appropriate deadline is attributable solely to counsel's lack of diligence.

Additionally, to the extent that Plaintiff claims the Defendants breached an agreement to allow the deposition outside of the deadline, the Magistrate Judge correctly noted that any such agreement would not have been enforceable by the Court. (Doc. 50, at 6.) "Neither the parties nor their counsel have the authority to stipulate or otherwise agree to changes in the Court's orders regarding discovery or any other scheduling matter unless expressly authorized to do so by Rule or by Court order." *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (citing *Olgyay v. Society for Environmental Graphic Design*, 169 F.R.D. 219, 219 (D.D.C.1996)). Thus, without a formal request from the Court for an extension, such agreement would not be enforceable between the parties, even if the Defendants had admitted to allowing the deposition at a later date.

Further, the Court disagrees with Plaintiff that, by not allowing the deposition, the decision would be detrimental to the fair prosecution of Plaintiff's case. The Court notes that this is not the first time Plaintiff's counsel has asked for

an extension of a deadline in this case. Plaintiff also asked for an extension to file an opposition to the Defendant's motion for summary judgment (Doc. 57), reasoning that the Christmas holiday season and related activities would prevent Plaintiff's counsel from producing a quality pleading. (Doc. 66.) The Court denied Plaintiff's motion, finding that such activities did not constitute good cause to grant an extension. (Doc. 69.) The Court simply cannot allow every party who fails to meet deadlines to correct mistakes at their leisure, particularly in situations where the failure to meet the deadline is due to inexcusable neglect.

IV.   **Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff Darren Robinson's **Motion for Reconsideration of Magistrate's Ruling (Doc. 54)** is **DENIED**.

Baton Rouge, Louisiana, this 6th day of March, 2014.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

8